T. H. JOINER *et al. v.* SARAH A. FRANKLIN *et al.*

FRAUDULENT CONVEYANCE. *Husband and wife.* A conveyance of land by husband to wife will be set aside as against creditors, when the consideration was money which the husband had previously received, under an agreement that she should be reimbursed. The common law has settled that marriage amounts to an absolute gift of all personal goods of which she is possessed at the time of marriage, or which may come into her possession during coverture, and there is no statutory innovation of this principle.

FROM TROUSDALE.

Appeal from the Chancery Court at Hartsville. W. G. CROWLEY, Ch.

J. J. TURNER for complainants.

C. R. & LEE HEAD for defendants.

FREEMAN, J. delivered the opinion of the court.

This bill is filed to set aside a conveyance of 196 acres of land by the husband of Sarah A. Franklin,

the only defendant now before us, made December, 1872. The facts are that the husband had become bound as surety on a guardian bond, and as co-executor with one Martin, for a large sum. This was before the war—after that, in 1865, two bills were filed to enforce this liability, which, after much litigation, resulted in a decree for upwards of $12,000 in favor of complainants. Failing to be able •to realize the money on this decree, this bill is filed, as we have said, to reach the tract of land conveyed by the husband to his wife.

The theory of the answer in defense of this attack is, that the husband received the money of the wife clothed with a trust in her favor, and that the marital right had never attached to it, which he invested in this land in pursuance of the supposed trust.

In argument, however, in this court, this theory of a trust is abandoned, as we understand it, in terms and only pressed in aid of the theory that the wife's money paid for this land, such money never having the marital right fastened on it. We will shortly examine the case on this theory, not deeming it necessary to go into an elaborate statement of the facts however.

The parties were married in 1859, the defendant being a widow with one child. She had some means coming to her from her husband's estate. She claims in her answer to have received fifteen hundred dollars in money from that source, and that is the sum recited as the consideration for the conveyance made by the husband.

After looking at the facts assumed by counsel to support this theory, we are compelled to conclude, with the report of the Referees, that only seven hundred dollars in money is satisfactorily shown to have been her's from this source. The case breaks down effectually at this point. Even as to this sum it clearly appears this money was received by the husband, and used by him a number of years before this conveyance was made. The wife claims that it was received under an agreement that she should be reimbursed, but this, even if proven, as it is not, would not support this conveyance.

The theory of respondent, as presented in argument, cannot be sustained by any proof found in this record, that is, that the marital right did not attach to any money in possession of the wife during the existence of the marriage.

The common law, for hundreds of years, has settled that marriage amounts to an absolute gift to the husband of all personal goods of which the wife is actually or beneficially possessed at the time of the marriage, or which come to her possession during the coverture: Story Eq. J., sec. 1402; *Wade* v. *Cantrell*, 1 Head, 346; *Cox* v. *Scott*, 9 Baxt., 310.

We have no statutory innovation on this principle, though the tendency of legislation in this State is to follow the general spirit of the age, and break down these common law principles, making the wife a separate individuality in law from the husband, as to ownership of property. Whether these changes are for the better we need not discuss. We have some cases.

the reasonings of which would seem to tend somewhat to practically undermine the rule, but when limited, as they should be, to the facts of the cases in hand, do not in fact do so.   They are not to be pushed, however, beyond what the facts of these cases required, as they certainly go with this limitation to the verge of the law:   *Cox* v. *Scott*, 9 Baxt., 305, is an illustration.

The point decided was, that the money invested in the property sought to be reached by the husband's creditors had been purchased by the proceeds of the wife's real estate, to which she alone had title, which had never been claimed by the husband, but remained under the control of the wife for reinvestment, and was reinvested in the property sought to be subjected, and was not liable to creditors.   This case was well decided, but is no authority for the contention here, where we find no proceeds of separate property of the wife, and, in fact, a simple use of the money of the wife in payment of his debts, with the intention, it may have been a promise, to reimburse her.   The fact, however, is, that this was a mere floating intention on his part, as it was many years after the use of the money that was used, before this conveyance was made, and then only when it was apparent his liability for this large debt could not be long delayed.   The whole facts of the case raise the suspicion, if not making it clear, that the theories now sought to be maintained, are supported only by exigencies arising out of subsequent events, and would never have been thought of had the husband remained prosperous.

We need but say, that in all such cases where secret rights, not put in writing, are sought to be set up in favor of the wife, after misfortune had overtaken the husband, by which his property is sought to be secured to her to the exclusion of *bona fide* creditors, the case ought to be made out by clear and convincing proof, beyond suspicion of fraud, before the rights of such creditors can be defeated. The temptations to fraud in such exigencies are such that we can but look on them with suspicion, unless we shut our eyes to what we know is the weakness of human nature under circumstances of pressure.

We are satisfied this conveyance to the wife is not sustainable on any ground, and the Referees have correctly reported the result.

The report will be approved, and decree below be affirmed.